UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LUBE USA, INC.,

    Plaintiff,                                                Case No. 2:07-cv-14284

v.                                                         Hon. Denise Page Hood

MICHIGAN MANUFACTURERS                Magistrate Donald A. Scheer
SERVICE, INC.,

    Defendant.

_____/

## **STIPULATED PROTECTIVE ORDER**

To expedite the flow of discovery materials, protect information entitled to be kept confidential, protect personal and private financial and other information of third parties, and ensure that protection is afforded only to materials so entitled, the parties stipulate as follows:

**1.** **Protected Information.** Any party producing information through discovery or otherwise, and any third-party Subpoenaed to produce information, may designate as confidential any information which contains confidential, trade secret, proprietary, or commercial information; personal and confidential medical or other information pertaining to third parties; or information the disclosure or discovery of which should only be allowed under specific terms or conditions. All documents or information which a party or Subpoenaed third-party designates as "confidential" shall be clearly labeled or stamped "CONFIDENTIAL." All information so designated shall be kept confidential subject to the terms of this Order and shall not be used in any manner except for purposes of prosecuting or defending this litigation. The designation of any document may be challenged by any party subject to paragraph 9, below.

A. Any document mistakenly produced or disclosed by any party without a "CONFIDENTIAL" designation after the entry of this Order may be subsequently designated by any party as "CONFIDENTIAL." In each such case, the designating person shall provide to all other parties written notice of that designation and a copy of the document appropriately marked. No person shall be liable for publicly disclosing such document if that disclosure occurred prior to receipt of said written notice.

B. Any party wishing to designate as "CONFIDENTIAL" the entirety or any portion of any deposition testimony, or any document introduced or marked as an exhibit during a deposition, may do so on the record at any time during the deposition, or within 30 days after first receipt of the deposition transcript, electronically or otherwise, by providing written notice of the designation to the parties and any other affected person. Unless the parties agree otherwise, deposition testimony and any documents introduced or marked as an exhibit during a deposition shall be treated as if marked "CONFIDENTIAL" for 30 days after first receipt of the deposition transcript. The party making the designation shall be responsible for ensuring that those portions of the deposition transcript and exhibits designated as "CONFIDENTIAL" are appropriately marked and sealed by the reporter.

**2.** **<u>Non-Disclosure and Non-Use of Confidential Information</u>.** Except with the prior written consent of the party or Subpoenaed third-party that produced it, or as otherwise provided under this Order, information designated "CONFIDENTIAL" shall not be disclosed to any individual or entity, in any form whatsoever, except to those persons, and for those purposes, provided in paragraph 3, below.

Information designated "CONFIDENTIAL" shall not be used by any person for any purpose other than to prosecute and defend this action. Specifically, information designated

"CONFIDENTIAL" shall not be used by any party or its agents, representatives, or designees in furtherance of their commercial endeavors.

3. **Permissible Disclosures.** Notwithstanding paragraph 2, information designated "CONFIDENTIAL" shall be used only for purposes of this litigation, subject to subparagraph (G), below, and may be disclosed only to the following persons:

A. The Court, all parties, representatives or employees of the parties, and counsel for the parties;

B. Fact witnesses and deponents in this case other than representatives or employees of the parties;

C. Any outside experts or consultants retained by counsel or the parties to the extent reasonably necessary to litigate this action;

D. Partners, associates, secretaries, paralegal assistants, and employees of counsel for the parties, and third party administrative personnel such as copy services and couriers, to the extent reasonably necessary to render professional services in the litigation;

E. Court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, mediators, facilitators, and any special masters appointed by the Court); and

F. Persons designated by the Court in the interest of justice, upon such terms as the Court may deem proper, after a hearing.

G. Any document designated as "CONFIDENTIAL," as well as the information contained in such document, may continue to be used by the party which owns or authored the document in connection with the owner's or author's business, as it deems necessary. In no event shall a "CONFIDENTIAL" designation on any document preclude the author

or owner of such document from (a) using such documents in the regular course of the owner's or author's business; (b) revoking the "CONFIDENTIAL" designation on any such document; or (c) disclosing such documents to any witness in this action, or employee or agent for such party. Use or disclosure of a document previously designated as "CONFIDENTIAL" by the author or owner of such document shall not constitute a waiver of the "CONFIDENTIAL" designation.

Prior to disclosing any Confidential Material to any person identified in subparagraphs B and C, of paragraph 3 above, the Party or attorney intending to disclose that material shall obtain from each such person, his, her or its written agreement to comply with this Protective Order. Each such agreement shall be retained by the Party who obtained it.

  **4.** **Confidential Information at Trial.** The provisions of this Order shall not apply to restrict the use of confidential information at the trial of this action. Any party may move the Court for an order that evidence be received at trial *in camera* or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the confidential information should continue to be treated as such and, if so, what protection, if any, may be afforded to such information at the trial.

  **5.** **Previously Disclosed Information.** The restrictions and obligations set forth herein relating to "CONFIDENTIAL" information shall not apply to any information which (a) is already public knowledge, (b) the disclosing party agrees, or the Court rules, has become public knowledge, other than as a result of disclosure by the receiving party, (c) was already known to the receiving party under conditions such that its use and/or public disclosure by the receiving party would not violate some legal obligation, which knowledge is established by pre-production documentation or

upon written notice and agreement between the parties regarding the use of such materials, or (d) has come or shall come into the receiving party's legitimate possession independently of the producing party. Such restrictions and obligations shall not be deemed to prohibit discussions with any person of "CONFIDENTIAL" material if said person already has or obtains legitimate possession thereof, without restrictions which would independently prohibit such discussion.

6. **Custody and Safekeeping of Confidential Information.** Counsel for a party to which confidential information has been produced shall be responsible for taking appropriate precautions to preserve the confidentiality of the protected information. The duplication of confidential information shall be limited to what is reasonably necessary for the conduct of this litigation.

7. **Filing of Documents Containing Confidential Information with the Court.** Documents containing confidential information may be filed with the Court to the extent reasonably necessary to support motions or other matters relating to the litigation. However, such documents shall be filed in a sealed envelope and, on the outside of the envelope, marked in such a way as to apprise the Court that the envelope has been filed under seal and contains documents subject to the terms of this Order. If any person fails to file confidential documents or information under seal, the introducing party, or any party claiming confidentiality for the documents or information, may request that the Court place the filing under seal, and the Clerk of the Court shall, without the need for a further Order, place such filing under seal.

8. **Non-Termination.** The provisions of this Order shall continue after the conclusion of this litigation. Within 120 days after final conclusion of all aspects of this litigation, including all appeals, all documents labeled "CONFIDENTIAL" and all copies of same (other than exhibits of record) shall be returned to the party which produced such documents or, at the option of the

producer, destroyed. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the party who produced the documents not more than 150 days after final termination of this litigation.

9. **Declassification.** If any party objects to the designation of any document as "CONFIDENTIAL" by any other party, the objecting party shall notify counsel for the parties. If the confidential designation is not retracted or lifted by agreement of the party so designating, the objecting party may apply to the Court for a ruling that such information is not entitled to confidential status. The party that designated information as "CONFIDENTIAL" has the burden to prove that there is good cause for the information to have such protection. Any disputed documents or other materials shall be treated as confidential under this Protective Order until the Court rules otherwise.

10. **Other Disclosures Required by Law.** Notwithstanding any of the non-disclosure obligations set forth in this Order, such obligations shall not extend to any information or documents required to be produced for purposes other than this litigation by court order, subpoena issued to a receiving party, a regulatory agency, or otherwise by law. The party required to produce information designated as "CONFIDENTIAL" under this Order shall notify all other parties promptly of the happening of any one of the following events: (a) a request by anyone to examine, inspect or copy any documents produced pursuant to this Order; and (b) any attempt to serve, or the actual service of, any court order, subpoena, summons or request for production of such documents.

11. **Modification and Other Relief.** Nothing in this Order shall prevent any party from seeking a modification of this Order or from objecting to discovery that it believes to be otherwise objectionable. This Order shall not prevent anyone from applying to the Court for relief therefrom. This Order shall further not prevent anyone from applying to the Court for further or additional

protective orders, or prevent the parties from agreeing between themselves in writing to modifications of this Order, subject to the approval of the Court.

 IT IS SO ORDERED.


DATED: August 29, 2008            S/DENISE PAGE HOOD
                     U.S. DISTRICT JUDGE

Stipulated for entry by:


**NELSON MULLINS RILEY**        **THE MILLER LAW FIRM, P.C.**
**& SCARBOROUGH, LLP**         Co Counsel for Michigan
Manufacturing Service, Inc.



 /s/ **William H. Latham**           /s/ **David B. Viar**
William H. Latham              David B. Viar (P43479)
Attorney for Lube, USA, Inc.